IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION

**BRENDA S. DILLON,**

    Plaintiff,

vs.                                                                                     Case No.: 1:23-cv-103

**DAREN HAMLIN**
**(Individually & in his professional capacity**
**as a Lawrence County Deputy Sheriff)**

    and,

**JEFF LAWLESS,**
**(Individually & in his professional capacity**
**as the Sheriff of Lawrence County, Ohio)**

    Defendants.                                        **JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff Brenda S. Dillon, by and through counsel, alleging the following for his causes of action against the Defendants:

### PRELIMINARY STATEMENT

1. This is a civil rights action for money damages for injuries sustained by Plaintiff Brenda S. Dillon as a result of the violation of Ms. Dillon's constitutional and common law rights by Defendant, Deputy Daren Hamlin, who was acting in his capacity as a Lawrence County Sheriff's Officer at the time of the incident.

2. On February 24, 2021, Ms. Dillon was arrested for disorderly conduct and resisting arrest under Ohio Rev. Code § 2911.17, *et seq*. Absent certain statutory exceptions, disorderly conduct is a minor misdemeanor offense and is not an offense on which a person may be arrested in the State of Ohio.

1

3. Ms. Dillon brings this action under 42 U.S.C. §§ 1983 ("section 1983") and 1988 to redress the deprivation under color of state law her rights secured by the United States Constitution. More specifically, this Complaint seeks to redress violations of her right to free speech under the protection of the First Amendment to the United States Constitution as applied to states via the Fourteenth Amendment, and her right to be free from unreasonable searches and seizures and from the use of excessive force under the protection of the Fourth Amendment to the United States Constitution as applied to states via the Fourteenth Amendment, and her right to be free from malicious prosecution. Ms. Dillon also asserts Section 1983 Claims against Defendant Lawless in his capacity as the Lawrence County, Ohio Sheriff for failure to properly hire, train, and supervise law enforcement and for promulgating customs, policies, and practices, which proximately caused the violation of her constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978).

**JURISDICTION AND VENUE**

4. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as certain claims asserted herein arise under the Constitution and law of the United States, to wit, the First, Fourth, and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. This Court also has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because substantially all of the events that give rise to the claims in this action occurred in Lawrence County, Ohio and said county is situated within the bounds of this Court's geographic area of responsibility.

## THE PARTIES

8. Plaintiff Brenda S. Dillon (hereinafter "Ms. Dillon") is a citizen and resident of the State of Ohio. At all relevant times herein, Ms. Dillon was a private citizen attending a public high school girls' basketball game in Proctorville, Lawrence County, Ohio.

9. Defendant Daren Hamlin is, and was at all times relevant herein, a law enforcement officer employed by Lawrence County, Ohio as a deputy with the Lawrence County, Ohio Sheriff's Office, who was acting under color of law within the course and scope and in furtherance of his employment. Defendant Hamlin is a "person" under 42 U.S.C. § 1983. Defendant Hamlin is sued herein in his individual and official capacities.

10. Defendant Jeff Lawless is, and was at all relevant times herein, the Sheriff of Lawrence County, Ohio. As the duly elected Sheriff of Lawrence County, Lawless was acting under color of law within the course and scope and in furtherance of his employment. Defendant Lawless is a "person" under 42 U.S.C. § 1983. Defendant Lawless is sued herein in his individual and official capacities.

## FACTUAL ALLEGATIONS

11. On February 24, 2021, Ms. Dillon was attending a girls' high school basketball game in Proctorville, Lawrence County, Ohio.

12. Following the game, she was accosted by Deputy Daren Hamlin of the Lawrence County Sheriff's Office.

13. Deputy Hamlin was providing security at the game.

14. Upon information and belief, Sheriff Lawless hand-selected Deputy Hamlin to work the game over several other presumably qualified deputies via a "signup" sheet.

3

15. Not only did Deputy Hamlin, via his narrative statement, admit that he initiated contact with Ms. Dillon and that he escalated, for no good reason, a peaceful situation to the point of violence on his part, but Deputy Hamlin unnecessarily tackled Mrs. Dillon to the ground via a dangerous leg sweep.

16. Prior to tackling Ms. Dillon to the ground, Deputy Hamlin told Ms. Dillon to "Shut up, butch."

17. Upon information and belief, Deputy Hamlin made this statement as a reference to Ms. Dillon's sexual orientation.

18. His conduct, as captured in high-definition video, constitutes an impermissible and unnecessary use-of-force against Ms. Dillon for which there is no valid explanation or defense.

19. The entire incident was captured on multiple cameras and live broadcast via the internet and local television.

20. The game was broadcast via local television on Armstrong Cable, and, upon information and belief, it was broadcast worldwide through an Ohio High School Athletic Association webpage or social media account.

21. Ms. Dillon was immediately transported to the Lawrence County (Ohio) Jail.

22. Upon leaving the jail, Ms. Dillon went St. Mary's Medical Center in Ironton, Ohio for medical treatment.

23. Deputy Hamlin filed a criminal complaint against Ms. Dillon for disorderly conduct and resisting arrest.

24. His complaint noted his date and time of arrest of Ms. Dillon.

25. Minor misdemeanor disorderly conduct is not an offense on which a person can ordinarily be arrested in the State of Ohio.

26. The matter proceeded to the Lawrence County Ohio Municipal Court where it was resolved by the prosecutor's entry of a *nolle prosequi*.

### Count I
**(42 U.S.C. § 1983 Against Defendants Hamlin and Lawless for Restraint on the Freedom of Speech in Violation of the First and/or Fourteenth Amendments)**

1. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

2. As described more fully above, Defendants Hamlin and Lawless, while acting individually, jointly, and under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to free speech.

3. Under the First and Fourteenth Amendments of the United States Constitution, States "shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I

4. Defendants deprived Plaintiff of her freedom of speech, as secured by the First Amendment to the United States Constitution and made applicable to the states by the Fourteenth Amendment, by unlawfully seizing Ms. Dillon for expressing her views at the basketball game.

5. Deputy Hamlin, acting under color of state law, arrested Ms. Dillon, in part, because Ms. Dillon would not agree to cease speaking. See *Exhibit A*.

6. As a direct and proximate result of the actions of Defendants Hamlin and Lawless in violation of Plaintiff's clearly established First and/or Fourteenth Amendment rights, Ms. Dillon was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

## Count II
**(State Law Claim Against Defendants Hamlin and Lawless for Restraint on the Freedom of Speech in Violation of the Art. I, § 11 of the Ohio Constitution)**

7. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

8. As described more fully above, Defendants Hamlin and Lawless, while acting individually, jointly, and under color of law and within the scope of their employment, deprived Plaintiff of her constitutional right to free speech.

9. Under the Ohio Constitution, Defendants could not place restraint on Ms. Dillon's speech. Ohio Const. art. I, section 11.

10. Defendants deprived Plaintiff of her freedom of speech, as secured by the Ohio Constitution, by unlawfully seizing Ms. Dillon after she would not agree to cease speaking to friends.

11. Deputy Hamlin, acting under color of state law, arrested Ms. Dillon, in part, because Ms. Dillon would not agree to cease speaking to her friends. See *Exhibit A*.

12. As a direct and proximate result of the actions of Defendants Hamlin and Lawless in violation of Mr. Her's clearly established rights under the Ohio Constitution, Mr. Her was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

## Count III
**(42 U.S.C. § 1983 Against Defendant Hamlin for Excessive Force in Violation of the Fourth and/or Fourteenth Amendments)**

13. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

14. As set forth above, Defendant Hamlin, acting under color of law and within the scope of his employment as a law enforcement officer with the Lawrence County Sheriff's Office used unnecessary, unreasonable, outrageous, and excessive force on Ms. Dillon in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

15. Defendant Hamlin's unnecessary use of force includes, but is not limited to, excessive force in tackling Ms. Dillon to the ground and handcuffing in a manner that caused injury.

16. Defendant Hamlin's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

17. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Ms. Dillon's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or her clearly established Fourteenth Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

18. Defendant Hamlin callously and recklessly disregarded Ms. Dillon's federally protected rights.

19. As a direct and proximate result of Defendant Hamlin's uses of force in violation of Ms. Dillon's clearly established Fourth and/or Fourteenth Amendment rights, Ms. Dillon was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

## Count IV
**(42 U.S.C. § 1983 Against Defendant Hamlin and Defendant Lawless for Unlawful Arrest and Seizure in Violation of the Fourth and/or Fourteenth Amendments)**

20. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

21. As described more fully above, all of the Defendants, while acting individually, jointly, and under color of law and within the scope of their employment, caused Ms. Dillon to be unlawfully arrested in violation of his constitutional rights.

22. Under the Fourth and Fourteenth Amendments of the United States Constitution, States shall ensure that citizens are free from unreasonable search and seizure. U.S. Const. amend. IV.

23. All Defendants have deprived Ms. Dillon of the right to be free from unreasonable search and seizure by arresting her for disorderly conduct that did not rise to a level beyond a minor misdemeanor.

24. Deputy Hamlin did not have probable cause to arrest Ms. Dillon for disorderly conduct under the Ohio Revised Code.

25. As a result of this violation, Ms. Dillon was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

## Count V
**(42 U.S.C. § 1983 Against Defendant Lawless for Failure to Hire, Train, and Supervise, and for Customs, Policies, and Practices Causing Violations of the Fourth Amendment)**

26. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

27.     Defendant Lawless, as the Sheriff of Lawrence County, Ohio, failed to properly screen potential deputy candidates through the background review process.

28.     Upon information and belief Defendant Lawless failed to adequately train and/or supervise Defendant Hamlin.

29.     Defendant Lawless ratified Defendant Hamlin and the conduct described herein by allowing him to seize Ms. Dillon on conduct constituting a minor misdemeanor offense.

30.     Upon information and belief, Defendant Lawless, as the Sheriff of Lawrence County, implemented customs and policies for training and supervision of Lawrence County Deputies on searches and seizures, that, on their face, violate the Fourth Amendment. Alternatively, upon information and belief, Defendant Lawless implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of Lawrence County, including Ms. Dillon.

31.     This case is factually similar to *Thomas J. Templeton v. Tim Brandt* et al., Case No. 1:20-CV-34, United States District Court for the Southern District of Ohio, another matter in which a Lawrence County Sheriff's Deputy arrested a citizen for minor misdemeanor disorderly conduct.

32.     As a direct and proximate result of the customs, policies, and practices described herein and permitted by Defendant Lawless, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to occur, Ms. Dillon was forced to endure and suffer, and continues to endure and suffer extreme physical, mental, and emotional pain and suffering and pecuniary loss.

## Count VIII
### (42 U.S.C. § 1983 Against Defendant Hamlin and Defendant Lawless for Malicious Prosecution)

33. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

34. On February 24, 2021, Defendant Hamlin filed a criminal complaint against Ms. Dillon without proper right or authority to do so.

35. His acts constituted a malicious prosecution as the case was eventually dismissed by the Lawrence County, Ohio Prosecuting Attorney.

36. The case terminated in Ms. Dillon's favor.

37. The filing of the case against Ms. Dillon constitutes a violation of her civil rights, specifically the right to be free from unwarranted prosecution.

38. Ms. Dillon suffered damages, including, but not limited to, embarrassment and mental anguish at having criminal charges filed against her.

WHEREFORE, Plaintiff Brenda S. Dillon, prays for judgment against Defendants Hamlin, Lawless, and Lawrence County, jointly and severally, for:

   a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Brenda S. Dillon for her injuries, damage, and loss;

   b. Punitive damages against Defendants in an amount that will serve to adequately punish and deter the conduct alleged herein;

   c. Costs of suit and reasonable attorneys' fees; and

   d. All such other relief to which Plaintiff Brenda S. Dillon is entitled and/or the Court deems necessary and just.

*Tyler C. Haslam* (signature)

Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
314 Ninth Street, Ste. 100
Huntington, WV 25701
T: (304) 948-8529
F: (304) 948-8282
tyler@haslamlawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*Tyler C. Haslam* (signature)

Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
314 Ninth Street, Ste. 100
Huntington, WV 25701
T: (304) 948-8529
F: (304) 948-8282
tyler@haslamlawfirm.com

## VERIFICATION

I, **Brenda Dillon**, being first duly sworn, state that I am the Plaintiff in this matter and that the facts, averments, and allegations set forth in the foregoing Complaint are true and accurate to the best of my belief and knowledge.

_Brenda S Dillon_
Signature

_01/03/2023_
Date

STATE OF WV,

COUNTY OF CABELL, SS:

This verification was sworn to or affirmed before me on the _3rd_ day of January, 2023, by Brenda Dillon.

My commission expires _June 5, 2024_

_Charlotte E Dorsey_
Notary Public

OFFICIAL SEAL
Charlotte E. Dorsey
Notary Public
State of West Virginia
My Commission Expires
June 05, 2024
4 LANE DR
BARBOURSVILLE WV 25504

# NARRATIVE SUPPLEMENT

| | | INCIDENT NUMBER |
|---|---|---|
| | | 2-21-001059 |
| VICTIM<br>STATE OF OHIO, | OFFENSE<br>Disorderly Conduct | INCIDENT DATE / TIME<br>2/24/2021  2025 |

**Narrative Type:** Initial Report  **Topic:**
**Narrative Reporting Officer:** Hamlin, Daren  **Narrative Date/Time:** 02/25/2021  07:29

I was working a detail at Fairland High School girls basketball game when I was approached by an unknown male subject after the game asking me if I could make an unknown female go back to the Fairland side. He stated she was on the Coal Grove side cussing and causing a disturbance. As I walked towards the crowd the male subject walked with me and pointed out the female subject that he stated was causing the problem. As I approached the female subject she was speaking with another female subject, there did not appear to be a problem. The unknown female was later found to be Brenda Dillon. Brenda looked at me and asked what I was doing as I approached her, I advised her I had received a complaint that she was cursing and causing a disturbance. Brenda became defensive and advised she had not and did not know what I was talking about. I then advised Brenda she was on the verge of becoming disorderly and she needed to calm down. She became that much more disorderly, she then advised me I didn't know who I was dealing with. She then pulled up her phone and said she would call Jeff Lawless right then. I advised Brenda I did not care who she called she needed to go back to the other side of the court, she refused and I advised Brenda numerous times to go back to the Fairland side. Brenda continued to argue, I then advised her she needed to cease and desist, she continued. I then advised Brenda she needed to leave the building and pointed towards the exit door, she advised me she was not leaving until she was ready and pointed towards another door that the school does not want people exiting through and said she would be going out that door when she left as she always does. I had advised Brenda 4 or 5 times she needed to leave the building she refused. As Brenda started walking back towards the other side of the court, I advised her she was under arrest and attempted to hand cuff her. Brenda pulled away and told me she wasn't going anywhere. Brenda was taken to the ground and handcuffed. Brenda was telling someone to call Andy Ballard, they said there was an Attorney on the way. Brenda complained of injury to her left knee, complained of injury to her shoulder from being handcuffed, complained of injury to her eyes and forehead. Brenda asked if she could sit down which I allowed. Brenda then complained of the handcuff being too tight, I adjusted the handcuff. Brenda then asked if she could have something to drink I took her back in the school and allowed Brenda to sit down and drink a bottle of water. Brenda requested I move the handcuffs to the front, which I told her I would do providing she could act like she had some sense. The handcuffs were moved to the front. I requested dispatch to send another unit to transport. Two women who were with Brenda said they did not want her transported to jail until her Attorney arrived. I advised them I was not waiting on her Attorney. They then advised I could not take her to Jail because I had not advised her of her Miranda Rights, I advised them I did not have to, they asked you can arrest her without Miranda, I said yes they said oh yeah you can do what you want. Deputy Matt Adkins arrived we attempted to put Brenda in the back seat of the cruiser. Brenda advised she was not going to fit in the back seat due to her knee injury. There is not much room in the back of that cruiser and I advised Matt she would have to go in there unless he felt comfortable transporting her up front. Deputy Adkins advised he would transport her up front due to the fact it would be difficult for Brenda to fit in the back of his cruiser. Brenda had advised she wanted to go to the hospital, I advised Deputy Adkins to check with the supervisor to see if he could transport Brenda to the hospital before transporting to the jail. Deputy Adkins later advised me Brenda said she was ok and would go to the hospital after being released from jail if necessary.

| REASON CLEARED | A ☐ DEATH OF OFFENDER<br>B ☐ PROSECUTION DECLINED<br>C ☐ EXTRADITION DENIED | D ☐ VICTIM REFUSED TO COOP.<br>E ☐ JUVENILE / NO CUSTODY<br>F ☐ ARREST - ADULT | G ☐ ARREST - JUVENILE<br>H ☐ WARRANT ISSUED<br>I ☐ INVEST. PENDING | J ☐ CLOSED<br>K ☐ UNFOUNDED<br>U ☒ UNKNOWN | DATE CLEARED |
|---|---|---|---|---|---|
| REPORTING OFFICER | Hamlin, Daren | | BADGE NO. | | DATE 2/24/2021 |
| APPROVING OFFICER | | | BADGE NO. | | DATE |

EX A